IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELA D. DOWLING,<br>    *Plaintiff*<br><br>-vs-<br><br>NORTH ARLINGTON NEW JERSEY<br>POLICE DEPT.,<br>    *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-24-CV-00250-XR |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed May 2, 2024. ECF No. 8.

This matter was automatically referred to the Magistrate Judge for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's Standing Order of October 8, 2019. *(See* Text Entry dated March 11, 2024.) In accordance with the Standing Order, the Magistrate Judge identified deficiencies in Plaintiff's *pro se* Complaint with regard to jurisdiction and venue, and provided her an opportunity to amend her Complaint to correct those deficiencies. ECF No. 3. Specifically, the Magistrate Judge concluded that Plaintiff's Complaint did not allege any claim for relief or demonstrate how the Court has subject matter jurisdiction: it only stated that Plaintiff wishes to "report a kidnapping" and "police misconduct," requesting that "notice [be] sent to U.S. Court in New Jersey." *Id.* at 2.

On April 30, 2024, Plaintiff filed a two-page document, which the Magistrate Judge construed as an Amended Complaint. *See* ECF No. 7. The Magistrate Judge concluded that this filing "does nothing to establish the Court's jurisdiction over the case, or show that venue is proper in the Western District of Texas. Indeed, the only references it makes to the place where the alleged

events occurred are citations to what appear to be child custody case numbers in the courts of Hudson County, New Jersey." ECF No. 8 at 3. Accordingly, the Magistrate Judge recommended that this matter be dismissed without prejudice. *Id.*

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on May 2, 2024 to Plaintiff's last known address. ECF No. 10. However, the Court's mailing was returned as undeliverable on May 30, 2024. ECF No. 11. No objections have been filed, and the time in which to do so has now passed.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff Angela D. Dowling at 11111 Grant Rd, Houston, TX 77429.

---

[1] Service for the purposes of Rule 72 was complete upon mailing the Report to Plaintiff's last known address. *See* FED. R. CIV. PRO. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."); *cf. N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

It is so **ORDERED**.

**SIGNED** this 28th day of June, 2024.

                                                              _____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE